IN THE UNITED STATESS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NaeShon Robinson** | ) | **CASE NO.** |
| **939 Redfern Ave.** | ) | |
| **Akron, Ohio 44314** | ) | **JUDGE** |
| | ) | |
| **Plaintiff** | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **v.** | ) | |
| | ) | |
| **Flambeau Inc.** | ) | |
| **c/o Jason Sauey** | ) | |
| **Statutory Agent** | ) | |
| **15981 Valplast Rd.** | ) | |
| **Middlefield, Ohio 44062** | ) | |
| | ) | |
| **Defendant** | ) | |

Now comes Plaintiff NaeShon Robinson pursuant to Fed. R. Civ. P. 8 and files her

Complaint against Flambaeu, Inc., her former employer and would show the Court as follows:

## I.    PARTIES

1.  Plaintiff is an individual residing in Akron, Ohio and at all times relevant hereto was an

employee as that term is defined by 42 U.S.C. §2000e-(1) and R.C. 4112.01(A)(3).

2.  Defendant Flambeau Inc. is a Wisconsin corporation authorized to do business in the state

of Ohio and maintains a factory at 1468 Wolf Creek Tr. In Sharon Center, Ohio. At all times

relevant hereto, Flambeau was an employer as that term is defined by 42 U.S.C. §2000e-(2) and

R.C. 4112.01(A)(2).

3.  Defendant Flambeau may be served with process by serving its statutory agent Jason C.

Sauey, 15981 Valplast Rd., Middlefield, Ohio 44062.

## II.      ADMINISTRATIVE PREREQUISITES

4.   Plaintiff filed a charge of discrimination alleging racial discrimination and retaliation on September 25, 2019 bearing Charge Number 532-2019-03012 with the Equal Employment Opportunity Commission.

5.   After conducting an investigation, the EEOC issued a Right to Sue letter on August 19, 2020 which was received by Plaintiff on August 24, 2020. This suit is being filed within ninety (90) days of her receipt of the Right to Sue Letter.

## III.      JURISDICTION

6.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. §2000e-5 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Jurisdiction is also conferred by R.C. §4112.99.

## IV.      VENUE

7.   Venue of this matter is properly before this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## V.      FACTUAL BACKGROUND

7.      Ms. Robinson began her employment with Flambeau as a temporary employee on July 15, 2018. She was hired as a full-time employee effective October 15, 2018. She held the position of a blow mold finisher.

8.      Plaintiff performed her assigned duties with few mistakes or rejected parts throughout her tenure with Defendant.

9.      In May 2019 Defendant assigned a new supervisor, Pauline McGonagle to Plaintiff's department.

10.     Under the supervision of McGonagle Plaintiff was subjected to a series of write ups for alleged mistakes that non-African Americans were not written up for similar conduct.

11.     In addition, Robinson was subjected to close scrutiny on a virtual daily basis. Such scrutiny included McGonagle's near presence at Plaintiff's assigned equipment for extended periods of time.

12.     In a continuing course of different treatment, McGonalge assigned Plaintiff to different tasks without providing the necessary training and safety equipment to perform the new duties.

13.     When Plaintiff dropped product on these new assignments, she was written up by McGonagle while non-African American operators performing similar tasks and making the same mistakes were not disciplined.

14.     In the summer of 2019 Flambeau enacted a new policy precluding employees from eating their lunch in their cars. Plaintiff worked on the second shift which began in the mid afternoon while the first shift workers were still present at the plant.

15.     During the second shift lunch break is was common for the employees to move their vehicles closer to the plant door as they would be leaving when it was dark. When Plaintiff attempted to move her car closer to the door, she was questioned by McGonagle why she did not seek permission before moving her car.

16.     Non-African American workers were allowed to move their vehicles without the need for permission from supervision.

17.     Plaintiff was the only African American working on the second shift at the Medina plant.

3

18.     When overtime work was available, McGonagle altered the sign up procedure for sign ups on a list posted by the time clocks to one where she alone determined who could work overtime. The result of this new procedure resulted in a reduction in the amount of the overtime work Plaintiff received.

19.     In September 2019 Flambeau announced a Quality Control position would be available on the second shift. Obtaining this position would be a promotion for Plaintiff.

20.     Ms. Robinson applied in a timely and had qualifications that exceeded the postings minimums.

21.     At the time of her applications, Plaintiff was told by the Supervisor of Quality Control she best qualified applicant.

22.     At a meeting among the applicants for this position, Plaintiff was told that all supervisors would have input in deciding who would be promoted. During this meeting, McGonagle expressed her support for Sara Janiol, Caucasian female when the QC position was discussed.

23.     Ms. Janiol was awarded the quality control position despite Plaintiff's superior qualifications including her ability to work well with her other co-workers who were overwhelmingly of Bhutanese and whose English was often hard to understand.

24.     Ms. Janiol had no experience interacting with these foreign employees at the time of her promotion despite some four months on the second shift by then.

25.     Throughout her tenure working for Flambeau Robinson was subjected to a pervasive atmosphere of ridicule based on her race. This included racially based jokes, pejorative references to African Americans and comments based on stereotypical depictions of African Americans.

26.     These comments were made by both fellow co-workers and supervisors.

26.     Plaintiff complained to her different supervisors on several occasions regarding the offensive statements to which she was subjected without any action taken by management to prevent the continuation of such racial harassment. Ms. Robinson informed management that she found the statements offensive and requested that they stop to no avail.

28.     Plaintiff was constructively discharged from her employment based on the advice of her counselor due to the ongoing nature of the pervasive harassment set forth above on February 2, 2020.

### VI      RACIAL DISCRIMINATION – 42 U.S.C. § 2000e-5(a)(2)

27.     Plaintiff incorporates the allegations contained in paragraphs 1 through 26 inclusive as if fully set forth herein.

28.     The foregoing conduct of Defendant constitutes racial discrimination in violation of the Civil Rights Act of 1962, 42 U.S.C. §2000e-5 et seq. in the terms and conditions of her employment.

29.     In particular the continuing and ongoing harassment of Plaintiff as the only African American on the second shift at Defendant's Medina plant, despite her complaint to management for such language to cease constitutes racial harassment.

30.     The failure to promote Ms. Robinson to the Quality Control position, despite her superior qualifications constitutes a failure to promote claim of racial discrimination.

31.     The ongoing pervasive racial harassment endured by Plaintiff resulted in the constructive termination of her employment.

32.     As a result of the foregoing violations of the Civil Rights Act of 1964, Plaintiff has suffered economic losses in the form of lost wages and benefits and future earnings and benefits in an amount to be determined at trial.

33.     In addition, Plaintiff has suffered consequential damages in the form of mental anguish, fear, depression, anxiety and pain and suffering among other reactions to Defendant's conduct as set forth above in an amount to be determined at trial.

34.     Defendants conduct as set forth above was willful and intentional and warrants the imposition of punitive damages pursuant to 42 U.S.C. §1983.

35.     Plaintiff is also entitled to recover her attorneys' fees and the costs of this action pursuant to 42 U.S.C. §2000e-5(f) and 42 U.S.C. §1988 in an amount to be determined at trial.

## VII.    RACIAL. DISCRMONATION – R.C. §4112.02(A)

36.     Plaintiff incorporates the allegations contained in paragraphs 1 through 35 inclusive as if fully rewritten herein.

37.     The foregoing conduct of Defendant constitutes racial discrimination in violation of R. C. §4112.02(A) in the terms and conditions of her employment.

38.     In particular the continuing and ongoing harassment of Plaintiff as the only African American on the second shift at Defendant's Medina plant, despite her complaint to management for such language to cease constitutes racial harassment.

39.     The failure to promote Ms. Robinson to the Quality Control position, despite her superior qualifications constitutes a failure to promote claim of racial discrimination.

40.     The ongoing pervasive racial harassment endured by Plaintiff resulted in the constructive termination of her employment.

41.     As a result of the foregoing violations of the R.C. §4112.02(A), Plaintiff has suffered economic losses in the form of lost wages and benefits and future earnings and benefits in an amount to be determined at trial.

42.     In addition, Plaintiff has suffered consequential damages in the form of mental anguish, fear, depression, anxiety and pain and suffering among other reactions to Defendant's conduct as set forth above in an amount to be determined at trial.

43.     Defendants conduct as set forth above was willful and intentional and warrants the imposition of punitive damages, including her reasonable and necessary attorneys' fees and the costs of this action.

WHEREFORE, for the foregoing reasons. Plaintiff requests judgment against Defendant as follows:

A.  That Plaintiff be awarded her economic losses in the form of
    Lost wages and benefits and future earnings and benefits in
    An amount to be determined at trial;

B.  That Plaintiff be awarded compensatory damages for her mental
    Anguish in an amount to be determined at trial;

C.  That Plaintiff be awarded punitive damages for Defendant's
    Intentional and willful conduct, including her reasonable and
    Necessary attorneys' fees and the cost of this action;

D.  That Plaintiff ne awarded her attorneys' fees and the costs of
    This action pursuant to 42 U.S.C. §1988 and 42 U.S.C.
    2000e-5(f);

E.  That this Court issue a permanent injunction against Flambeau
    Prohibiting any further violations of 42 U.S.C. §2000e-5(a)(2);
    And

F.  For such other relief as may be deemed necessary and just.

Respectfully submitted

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
755 White Pond Dr., Suite 403
Akron, Ohio 44320-4224
(330) 864-8604
Fax (330) 864-7157
Email: fbenjaminr@msn.com

Counsel for Plaintiff

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 Plaintiff demands a trial by jury on all issues so triable.

*/s/ F. Benjamin Riek III*